**Andrew JACKSON, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 88931.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 11, 2007.

Timothy Forneris, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for respondent.

Before MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., and GEORGE W. DRAPER III, J.

### ORDER

PER CURIAM.

Andrew Jackson (Movant) appeals from the motion court's denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief.

A jury convicted Movant of one count of first degree burglary in violation of Section

---

1. All statutory references are to RSMo. (2000).

569.169.1(3) RSMo 2000, one count of felony stealing in violation of Sections 570.030.1 and 570.030.3(1) RSMo Cum. Supp.2006,[1] and one count of misdemeanor stealing in violation of Sections 570.030.1 and 570.030.8 RSMo Cum.Supp.2006.[2] The trial court sentenced him, as a prior and persistent offender, to concurrent terms of imprisonment of twenty-five years for the first degree burglary, fifteen years for the felony stealing, and one year for the misdemeanor stealing. We affirmed the judgment. *State v. Jackson*, 173 S.W.3d 382 (Mo.App. E.D.2005).

Movant then filed an original and an amended post-conviction motion under Rule 29.15, as well as a request for an evidentiary hearing. After an evidentiary hearing, the motion court denied Movant post-conviction relief. This appeal followed. On appeal, Movant presents one point challenging the motion court's denial of relief on his claim that his appellate counsel provided him with ineffective assistance and four points challenging the motion court's denial of relief on claims that his trial attorney was ineffective.

We have reviewed the briefs of the parties, the legal file, and the record on appeal, and find the claims of error to be without merit. The judgment of the motion court is based on findings of fact and conclusions of law that are not clearly erroneous. Rule 84.16(b)(2); Rule 29.15(k). No error of law appears. An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

The parties have been furnished with a memorandum for their information only, setting forth the reasons for the order affirming the judgment pursuant to Rule 84.16(b).

---

1. The 2006 version of Sections 570.030.1 and 570.030.3(1) was not in effect on the December 31, 2002, date of the charged offenses but includes the same provisions that were in effect on that date.

2. The 2006 version of Section 570.030.8 was not in effect on the December 31, 2002, date of the charged offenses but includes the provision in effect on that date as a different part of Section 570.030.